# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**     Ronald W. Ziemann

**Case Number:**    05-11276

### Document Information

**Description:**    Order  Denying [70-1] Motion For Joint Administration of Cases 7-05-11276 MA and 7-05-15284 SA by Ronald W. Ziemann .

**Received on:**    2005-11-10 09:36:43.000

**Date Filed:**     2005-11-10 00:00:00.000

**Date Entered On Docket:**    2005-11-10 00:00:00.000

### Filer Information

**Submitted By:**   Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   RONALD W. ZIEMANN,                         No. 11-05-11276 MA

Debtor.

### ORDER DENYING DEBTOR'S MOTION TO JOINTLY ADMINISTER CHAPTER 11 CASE WITH SPOUSE'S CHAPTER 7 CASE

THIS MATTER is before the Court on the Motion to Jointly Administer Chapter 11 Case with Spouse's Chapter 7 Case ("Motion for Joint Administration") filed by the Debtor, Ronald W. Ziemann, by and through his attorneys of record, Puccini & Meagle, P.A. (Louis Puccini, Jr.). Paulette De Pascal, the Debtor's former spouse, and the Debtor in Case No. 7-05-15284 SA, did not consent to the Debtor's request for joint administration, and the Court held a final hearing on the Motion for Joint Administration on October 28, 2005. Upon review of the Debtor's Motion for Joint Administration and the memorandum in support thereof, and after consideration of the arguments of counsel presented at the final hearing, and being otherwise sufficiently informed, the Court finds that insufficient cause exists for joint administration of Debtor's case with Ms. De Pascal's Chapter 7 proceeding.

The procedure for consolidation and joint administration of bankruptcy cases is contained in Rule 1015, Fed.R.Bankr.P. , which provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife . . . the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest . . . .

Rule 1015(b), Fed.R.Bankr.P.

Consolidation differs from joint administration in that consolidation involves treating the separately filed cases as one case so that assets and liabilities of each case are combined, whereas joint administration

merely involves purely administrative matters, such as maintaining a single docket, or scheduling hearings in related matters at the same time, and the primary purpose of joint administration is to make case administration easier and less costly. *In re Blair,* 226 B.R. 502, 505 (Bankr.D.Me. 1998). Claims continue to be maintained separately for each case in a jointly administered proceeding. *See Clerk's Practice and Procedure Guide,* ¶ 5.1.11. *See also, In re Bunker,* 312 F.3d 145, 153 (4th Cir. 2002) ("Under joint administration the estate of each debtor remains separate and distinct.") (citing *In re Reider,* 31 F.3d 1102, 1109 (11th Cir. 1994)). In this district, upon an order directing joint administration, all documents are filed in the case with the lowest case number, and, if both cases are not currently assigned to the same judge, the case with the higher case number is transferred to the judge presiding over the case with the lowest case number. *See* NM LBR 1015-1; *Clerk's Practice and Procedure Guide,* ¶ 5.1.11.

Whether cases should be jointly administered is within the discretion of the Bankruptcy Court. *See* Rule 1015(b), Fed.R.Civ.P. (" . . . the court *may* order a joint administration . . ."); *F.D.I.C. v. Colonial Realty Co.,* 966 F.2d 57, 59 (2nd Cir. 1992) ("Bankruptcy Rule 1015(b) . . . permits the bankruptcy court, in its discretion, to order the joint administration of the estates . . ."). Because the purpose of joint administration is convenience and ease of administration, joint administration is appropriate where administrative efficiency is served. Here, the Debtor and Ms. De Pascal have recently undergone dissolution of marriage proceedings which were completed after the Debtor filed his bankruptcy proceeding, and they remain extremely adverse to one another.

Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code before Ms. De Pascal filed her voluntary petition under Chapter 7. The Debtor's bankruptcy estate consists of all of the community property as well as all of the Debtor's sole and separate property. *See* 11 U.S.C. §

541(a)(1) and (2). Although it is possible to jointly administer cases filed under different chapters of the Bankruptcy Code, the Court finds that there is insufficient reason to do so here. Debtor asserts that joint administration is appropriate because it will serve the purpose of obtaining consistent rulings on the issues presented in the Debtor's and Ms. De Pascal's bankruptcy proceedings. Rulings made in Debtor's bankruptcy case as to community property issues will have an effect on Ms. De Pascal's bankruptcy case since the Debtor's bankruptcy estate consists of all the former spouse's community property and Ms. De Pascal has claimed exemptions in her half of the community property. But Ms. DePascal's bankruptcy case can proceed based on those rulings, and the Court fails to see, nor does Debtor adequately explain, how inconsistent rulings will result if the cases are not jointly administered.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Joint Administration is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Louis Puccini, Jr.
Attorney for Debtor
PO Box 30707
Albuquerque, NM 87190-707

George Moore
Attorney for Paulette De Pascal
PO Box 216
Albuquerque, NM 87103-216

_____
Patti G. Hennessy
Law Clerk (505) 348-2545