UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   RONALD ZIEMANN,                                                    No. 11-05-11276 MA

Debtor.

## ORDER DENYING MOTION TO MODIFY PLAN

THIS MATTER is before the Court on the Debtor's Motion to Determine Priority, to Clarify to Whom the Payment Should be Made on the Award of Attorneys' Fees Ordered by the Bernalillo County Domestic Relations Court and to Modify Debtor's Plan of Reorganization ("Motion to Modify").[1]  On August 29, 2007, an order was entered in the state court domestic relations proceeding between the Debtor and Paulette DePascal which awarded Petitioner (Ms. DePascal) attorney's fees in the amount of $10,000.00 and ordered Respondent (Debtor) to pay the fees in full by December 31, 2007. (*See* Order on Attorney Fee Affidavits, attached as Exhibit 1 to Motion to Modify).   The Motion to Modify seeks to modify Debtor's Chapter 11 plan of reorganization to provide for payment of the $10,000.00 award of attorney's fees in monthly payments of $300.00 or more beginning in April of 2008 and continuing thereafter until paid in full.

Paulette DePascal, by and through her attorneys of record, Moore, Berkson, and Gandarilla, P.C. (George Moore) objected to the Motion to Modify (Docket # 269), and the Court held a final hearing on the Motion to Modify on December 13, 2007, after which the Court

---

[1] The Motion to Modify includes two separate requests for relief: a request to modify the plan, and a request to clarify the order for payment of attorneys' fees issued by the state court. For this reason the Motion to Modify was filed as Docket # 259 and as Docket # 260.  By separate order, the Court denied the request to clarify the order for payment of attorneys' fees. *See* Order Denying Motion to Clarify to Whom Payment Should be Made on the Award of Attorney's Fees Ordered by the Bernalillo County Domestic Relations Court. (Docket # 265).

took the matter under advisement. At the final hearing the Motion to Modify, the parties agreed that the attorney's fees represented by the state court Order on Attorney Fee Affidavits represents a post-petition claim. Debtor contends that such claim constitutes an administrative claim that can be paid under the terms of his Chapter 11 plan, as proposed by the modification. Ms. DePascal counters that Debtor is impermissibly attempting to restructure a debt that arises from a separate proceeding and re-characterize it as an administrative expense of the bankruptcy estate. This Court agrees with Ms. DePascal and will deny the Motion to Modify.

The claim for attorney's fees awarded by the state court does not constitute an administrative expense claim. Claims for administrative expense include "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). And while compensation for professional services provided by an attorney can constitute a claim for administrative expense, such fees are subject to 11 U.S.C. § 330. 11 U.S.C. § 503(b)(2).[2] Attorneys fees awarded pursuant to 11 U.S.C. § 330 must be "necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). Services that are not "reasonably likely to benefit the debtor's estate" or are not "necessary to the administration of the case" are not compensable. 11 U.S.C. § 330(a)(4)(A)(ii)(I) and (II).[3] Except for the fact that the state court order directs the

---

[2]*See also, In re Miller,* 211 B.R. 399, 400 (Bankr.D.Kan. 1997)("Fees allowed under this provision [§330] become administrative expenses of the bankruptcy estate under § 503(b)(2).").

[3]Moreover, before a professional may be compensated pursuant to 11 U.S.C. § 330, such professional must be employed by the estate in accordance with 11 U.S.C. § 327. *See In re Krause,* 349 B.R. 272, 286 (Bankr.D.Kan. 2006) ("That section [§ 503(b)(2)] makes compensation awarded under § 330 an administrative expense, but . . . § 330 requires the attorney or professional person to be employed under § 327.").

2

Respondent, who is the Debtor in this bankruptcy proceeding, to pay the attorneys' fees, the attorney's fees awarded by the state court are wholly unrelated to this bankruptcy proceeding, and therefore cannot properly be characterized as a cost or expense of preserving the bankruptcy estate; such fees provided no benefit to the estate and are not the result of any post-petition transaction with the bankruptcy estate.[4] Consequently, the fee award entered by the state court is not an administrative expense within the meaning of 11 U.S.C. § 503(b). Even if the attorney fee award were construed as an administrative expense claim, the Motion to Modify fails to comply with the provisions of 11 U.S.C. § 1129(a)(9) which requires payment of administrative expense claims in full on the effective date of the plan unless the claimant agrees to different treatment of such claim. 11 U.S.C. § 1129(a)(9)[5]; 11 U.S.C. § 507(a)(2) (providing for second priority treatment of administrative expenses allowed under § 503(b)). The Motion to Modify provides for payment of the award of attorney's fees over time, and Ms. DePascal does not consent to such treatment of the claim.

---

[4]*See In re 9085 East Mineral Office Bldg., Ltd.,* 119 B.R. 246, 250 (Bankr.D.Colo. 1990)("'The integrity of § 503(b) can only be maintained by strictly limiting compensation to extraordinary creditor actions which lead directly to significant and tangible benefits to the creditors, debtor, or the estate.'")(quoting *In re D.W.G.K. Restaurants, Inc.,* 84 B.R. 684, 690 (Bankr.S.D.Cal.1988)).

[5]Such section provides:
   The court shall confirm a plan only if all of the following requirements are met:
     (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that --
        (A) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.
11 U.S.C. § 1129(a)(9)(A).

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Modify is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Louis Puccini, Jr.
Attorney for Debtor
PO Box 30707
Albuquerque, NM 87190-0707

George Moore
Attorney for Paulette DePascal
PO Box 219
Albuquerque, NM 87103

4